IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Michael A. Bacon,<br><br>                Plaintiff,<br>v.<br><br>Jacob Barker, et al.<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-760 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on pro se Plaintiff Michael Bacon's Motion to Suspend Proceedings and to Appoint Counsel. (ECF No. 26.) Mr. Bacon is proceeding *in forma pauperis*. (ECF No. 3.) As set forth below, the court will grant the motion in part.

When a plaintiff is granted *in forma pauperis* status, the district court is required to serve process for the plaintiff. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases"); Fed.R.Civ.P. 4(c)(2) (the appointment of a U.S. marshal or other officer to perfect service "must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 "); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (noting the requirement to serve process when a plaintiff is granted *in forma pauperis* status). If the court decides to move forward with service of a complaint "[i]t is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served...." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). *See also Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service"); *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F.Supp. 1331, 1352 (D. Kan. 1994) (noting that dismissal of an ifp case for Marshals Service's

failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff").

Plaintiff moves the court to suspend or stay proceedings in this case until October 2022 because he is being sentenced and will be travelling to another prison facility. Presumably, once he reaches the new facility he will resume the prosecution of this action. Due to the uncertain nature of Plaintiff's location, and the need for Mr. Bacon to provide correct information for service of his Complaint, the court will grant Plaintiff's Motion to stay this case until October 2022.

As the court noted in a prior order, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Courts consider "the merits of a [plaintiff's] claims, the nature and complexity of the factual and legal issues, and a [plaintiff's] ability to investigate the facts and present his claims." *Id*.

Once again, the issues presented in this case do not warrant the appointment of counsel at this time. Plaintiff's Motion for Appointment of Counsel is DENIED.

ORDER

For the reasons set forth above, Plaintiff's Motion to Suspend or Stay Proceedings is GRANTED. This matter is stayed until October 2022.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel is DENIED.

DATED this 11 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge