IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL A. BACON,<br><br>               Plaintiff,<br><br>v.<br><br>JACOB BARKER, et al.,<br><br>               Defendant. | MEMORANDUM DECISION & ORDER TO CURE DEFICIENT AMENDED COMPLAINT<br><br>Case No. 2:21-cv-760 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

      The court previously granted Plaintiff Michael A. Bacon permission to proceed *in forma pauperis* pursuant to 28 U.S.C.A. § 1915. (ECF No. 3.) Plaintiff filed a *pro se* civil rights action against a variety of Defendants. *See* 42 U.S.C.A. § 1983.[1] Under § 1915 the court has screened the Amended Complaint (ECF No. 10.) in accordance with its statutory review function.[2] Having done so, the court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims. Among the deficiencies in Plaintiff's Amended Complaint are that 1) it is not on the form complaint required by the court; 2) it names many Defendants only in text and not in the Complaint's heading; 3) fails to affirmatively link the Defendants to allegations of civil-rights violations; and 4) fails to meet Federal Rule 8's requirements. Plaintiff is to adhere to the following requirements in filing his Second Amended Complaint.

---

[1] Plaintiff also asserts Bivens claims against the defendants. *See Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (unpublished) ("When public officials inflict constitutional injuries in the course of performing their duties, they may be individually liable for damages.); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). A Bivens action provides a "'private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

[2] "Screening.--The court shall review, … as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are required to comply with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The complaint must "name every defendant in the caption of the Amended Complaint." *McKnight v. Douglas Cnty. Corr. Facility*, No. 21-03030-SAC, 2021 WL 2634431, at *3 n.1 (D. Kan. June 25, 2021) (citing Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties . . . ."), and (b) clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights."); *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in a civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done *what to whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250

(10th Cir. 2008)). Plaintiff should also include as clearly as possible, specific locations, circumstances, and dates of alleged constitutional violations. See *McKnight*, 2021 WL 2634431, at \*3 n.1. (3) Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim. See *Robbins*, 519 F.3d at 1248 (the Supreme Court in "*Twombly* … was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].'") [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, "a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin." *Id.*

Next, a grievance denial alone, unconnected to 'violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). And finally, "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a) (2021). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

## ORDER

Accordingly, it is hereby ORDERED that

1) Plaintiff must within thirty days from the date of this order cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint."

2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide along with a blank-form civil-rights complaint, which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

3) If Plaintiff fails to timely cure the above deficiencies in compliance with this Order, the undersigned will recommend this action be dismissed without further notice.

4) Plaintiff is not to serve the Second Amended Complaint on Defendants; instead, the court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.A. § 1915(d) (2021) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases.").

5) No direct communication is to take place with any judge. Any letters, documents, and papers, labeled with the case number, are to be directed to the Clerk of Court.

IT IS SO ORDERED.

DATED this 22 November 2022.

_____
Dustin B. Pead
United States Magistrate Judge