# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>Plaintiff,<br><br>v.<br><br>JACOB BARKER, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE RULINGS<br><br>Case No. 2:21-cv-760-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Michael A. Bacon objects to Chief Magistrate Judge Pead's order denying Mr. Bacon's motions to appoint counsel and compel delivery of mail, as well as Chief Judge Pead's order requiring Mr. Bacon to cure his complaint. *See* Dkt. Nos. 38, 39, 40.

Chief Judge Pead correctly identified the standard for court appointment of counsel, namely, whether Plaintiff has showed there is sufficient merit to his claim. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). And the court cannot say that Chief Judge Pead's application of this standard—which led to his conclusion that Plaintiff has failed to show that there is sufficient merit to his claims to warrant the appointment of counsel—is clearly erroneous. Plaintiff's objection to the denial of his motion to appoint counsel is accordingly overruled.

The court also cannot say that Chief Judge Pead's denial of Plaintiff's request for an order compelling delivery of mail is contrary to law or clearly erroneous. During the period Plaintiff represents that his mail was disrupted, the court has received multiple filings from Plaintiff in various actions, and he has responded to some of the orders entered by the court in this and other actions. There thus does not appear to be a systemic breakdown in the delivery of mail to Plaintiff

that would warrant the extraordinary relief Plaintiff seeks.  Plaintiff's objection to the denial of his motion for an order compelling delivery of his mail is overruled. But if Plaintiff becomes aware of orders or filings that he has not received, he shall promptly inform the court and the court will resend the missing orders or filings.

Finally, Plaintiff objects to Chief Judge Pead's order requiring him to correct deficiencies in his complaint. But there is nothing clearly erroneous with giving a plaintiff an opportunity to amend rather than simply dismissing a deficient complaint. Chief Judge Pead's November 22, 2022 order identified deficiencies with the amended complaint that would require dismissal and directed Plaintiff to provide additional factual allegations that might keep his complaint viable and provided other guidance to assist Plaintiff in amending his complaint. Although Plaintiff suggests that Chief Judge Pead changed the standards between the May 11, 2022 order and the November 22, 2022 order, Chief Judge Pead required Plaintiff to supply Defendants' addresses so that the court could effectuate service of process. In so doing, Chief Judge Pead did not state or imply that Plaintiff's complaint did not require amendment. Chief Judge Pead has now identified deficiencies in the complaint that require amendment. The court cannot say that Chief Judge Pead clearly erred in identifying these deficiencies or in providing Plaintiff additional guidance to assist him in drafting an amended complaint. Plaintiff's objection to the order to cure is overruled.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's objections to Chief Judge Pead's November 21, 2022 and November 22, 2022 orders are OVERRULED.

2.      Within thirty days of the entry of this order, Plaintiff shall file a second amended complaint that complies with Chief Judge Pead's November 22, 2022 order. Failure to do so will result in the dismissal of Plaintiff's case.

Dated this 5th day of January, 2023.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge