IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Michael A. Bacon,<br><br>     Plaintiff,<br><br>v.<br><br>Jacob Barker, et al.<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-760 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on pro se Plaintiff Michael Bacon's Motion for Court Order.[1] Mr. Bacon seeks a court order "directing the United States Penitentiary – Lee be commanded to turn over my legal paperwork that it is holding illegally."[2] Allegedly, Mr. Bacon left another penitentiary in June 2023 and was transferred to Lee in July. All his paperwork was packed up, but Lee has refused to give it to him because he is in a certain location at the penitentiary. Mr. Bacon also claims he is being denied meaningful access to the courts.

A review of this case undermines Mr. Bacon's arguments. "'[W]hile prisoners ... have a right to adequate, effective and meaningful access to the courts, [there are] many constitutionally acceptable methods used to assure meaningful access to the courts.'"[3] The record indicates that Mr. Bacon has made repeated filings in this case and there is no indication that he is being prohibited from filing or accessing the court. In addition, there is nothing in the record indicating Mr. Bacon's legal materials are being improperly withheld. Courts have repeatedly held that

---

[1] ECF No. 55.

[2] Mtn. p. 1.

[3] *United States v. Stanley*, 385 F. App'x 805, 807 (10th Cir. 2010) (quoting *United States v. Cooper*, 375 F.3d 1041, 1051 (10th Cir.2004)).

prisoner rights may be tempered for the safety and needs of a facility.[4] Accordingly, the motion is DENIED.

IT IS SO ORDERED.

DATED this 29 December 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] *Gandy v. Ortiz*, 122 F. App'x 421, 422–23 (10th Cir. 2005) (rejecting arguments that due process was violated by the reading of mail); *Romo v. Champion,* 46 F.3d 1013, 1018 (10th Cir.1995) (noting Tenth Circuit precedent that expectations of privacy are "diminished by the exigencies of prison security"); *Israel v. Cohn*, 6 F. App'x 348, 350 (7th Cir. 2001) ("Regulations limiting telephone use by inmates, … have been sustained routinely as reasonable."); *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (noting that a "prisoner has no right to unlimited telephone use.")