THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michael A. Bacon,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Jacob Barker, et al.,<br><br>　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:21-cv-760 HCN DBP<br><br>District Judge Howard C. Nielson, Jr<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　This matter is referred to the undersigned from Judge Howard C. Nielson, Jr. pursuant to 28 U.S.C. 636(b)(1)(B) for consideration.[1] Plaintiff is proceeding *in forma paurperis*.[2] Because Plaintiff proceeds *in forma pauperis*, the court reviews the sufficiency of the complaint under the authority of 28 U.S.C. § 1915.[3] For the reasons set forth herein, the undersigned recommends this action be dismissed.

## BACKGROUND

　　　Plaintiff who is proceeding *pro se* and *in fomra pauperis*, filed this civil rights action against several Defendants. The court granted multiple extensions of time, and a stay based on Plaintiff's requests. At one point, Plaintiff was in the custody of the Bureau of Prisons, and he sought extensions of time, including a stay, due to being moved to different facilities in the Bureau of Prisons system. Mr. Bacon has since been released and notified the court of his release.[4]

---

[1] ECF No. 19.

[2] ECF No. 3.

[3] 28 U.S.C. § 1915(e).

[4] ECF. No. 67.

The court has also afforded Plaintiff multiple opportunities to amend his Complaint. For example, the court previously reviewed Plaintiff's first Amended Complaint, and finding it deficient, ordered it to be amended.[5] Subsequent to that order, the court granted multiple requests by Plaintiff to delay the filing of a Second Amended Complaint. Eventually Plaintiff filed a Second Amended Complaint asserting claims against three police officers, Jacob Barker, Lane Wolfenbarger, and David King, a detective for Salt Lake City Carlie Marston, two FBI agents Jeremy Fowlke and Steven Hymas, the Salt Lake City Corporation, and John Does 1-10. Plaintiff brings claims under 42 U.S.C. § 1983 and selects "Bivens" as a basis for his suit. Mr. Bacon alleges he lost personal property and suffered an injury during his arrest. Plaintiff made a prior claim against Defendants with Salt Lake City Corporation. That claim was denied. He also "sent one to the FBI"[6] but nothing happened. Plaintiff seeks "compensatory and punitive damages".[7]

## LEGAL STANDARDS

Under 28 U.S.C. § 1915, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[8] To help facilitate that objective, the in forma pauperis statute

---

[5] Memorandum Decision and Order to Cure Deficient Amended Complaint, ECF No. 39.

[6] Second Amended Complaint at 6.

[7] *Id.*

[8] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[10] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[11]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[12] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable inferences in the Plaintiffs' favor.[13] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] To properly state a claim for

---

[9] *Id.*

[10] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[11] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[12] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[13] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[15] *Id.*

relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[16]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[17] and further provides that "[e]ach allegation must be simple, concise, and direct."[18] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[19] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[20] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[21]

As a pro se litigant, the court construes Mr. Bacon's Second Amended Complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[22] Yet even under a liberal review, Plaintiff is not excused from compliance with

---

[16] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[17] Fed. R. Civ. P. 8(a)(2).

[18] Fed. R. Civ. P. 8(d)(1).

[19] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[20] *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007).

[21] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[22] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

federal pleading requirements or from stating a claim for which relief may be granted.[23] For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[24] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[25] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[26]

## DISCUSSION

### I.   Plaintiff's § 1983 claims should be dismissed

Plaintiff asserts a claim under 42 U.S.C. § 1983. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law."[27] Plaintiff alleges that Defendants Jeremy Fowlke, Steven Hymas, and Salt Lake City Corporation acted under "color of federal and state law."[28] Plaintiff also alleges a Bivens claim. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,[29] the Supreme Court held that an individual may recover damages against federal officials for violating Fourth Amendment rights.[30]

Plaintiff complains that personal property was lost when he was arrested and that he did not receive a "itemized list of my property."[31] Regulations were not followed regarding his property, and that his claim made with Salt Lake City Corporation was denied. Even if true, such

---

[23] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[24] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[25] *Hall,* 935 F.2d at 1110.

[26] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[27] *Barnard v. Young,* 720 F.2d 1188, 1188–89 (10th Cir. 1983).

[28] Second Amended Complaint at 8.

[29] 403 U.S. 388 (1971).

[30] *Id.* at 397.

[31] Second Amended Complaint at 3.

allegations do not constitute constitutional error. At most, they may state a claim of negligence by Defendants. Due process is not violated by mere negligence.[32] Thus, any claims for loss of property under §1983 fail.

Next, a local government unit, such as Salt Lake City Corporation, can be liable for damages under 42 U.S.C. § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[33] Thus, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury," thereby "ensur[ing] that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality," rather than simply holding the municipality liable because it employed a constitutional wrongdoer.[34]

> A relevant policy or custom can take several forms, including:
>
> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[35]

---

[32] *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986). *See also, Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990) (more than mere negligence required to state constitutional deprivation in civil rights action).

[33] *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[34] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

[35] *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks and citations omitted).

Plaintiff fails to allege any policy or custom behind his alleged injuries. Salt Lake City Corporation cannot be held liable simply for the alleged constitutional wrongdoing of an employee.

### II. Plaintiff's Bivens claims should be dismissed.

In similar fashion, the Bivens claims Plaintiff raises also fail. In *Bivens*,[36] the Supreme Court held that an individual may recover damages against federal officials for violating Fourth Amendment rights.[37] In that case, the plaintiff alleged that federal agents unlawfully entered and searched his apartment; arrested him for narcotics violations; "manacled [him] in front of his wife and children, and threatened to arrest the entire family"; and then took him to jail where he was interrogated, booked, and strip-searched.[38] The Court provided that "the Fourth Amendment does not in so many words provide for its enforcement by an award of money damages for the consequences of its violation."[39] However, in the absence of any affirmative action by Congress, monetary damages could be an available remedy.[40]

Since *Bivens* was decided, the Supreme Court has extended it on only two other occasions.[41] Those "three cases—Bivens, Davis, and Carlson—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[42] The Supreme Court has made it "clear that expanding the Bivens remedy is now a 'disfavored'

---

[36] 403 U.S. 388 (1971).

[37] *Id.* at 397.

[38] *Id.* at 389.

[39] *Id.* at 396.

[40] *Id.*

[41] *Davis v. Passman*, 442 U.S. 228, 245–48 (1979) (allowing damages for gender discrimination in violation of the Due Process Clause of the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 18–23 (1980) (allowing damages for failure to provide adequate medical care in violation of the Eighth Amendment).

[42] *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

judicial activity"[43] and the Court has "'consistently refused to extend Bivens to any new context or new category of defendants.'"[44] This hesitancy to expand *Bivens* is based on "separation-of-powers principles" regarding whether the courts or Congress should decide whether to recognize a new damages remedy.[45]

The Supreme Court set forth a two-part framework for determining whether a case presents a new *Bivens* context. First is if "the case is different in a meaningful way from previous Bivens cases decided by this Court, then the context is new."[46] Second, the Court considers the "presence of potential special factors that previous *Bivens* cases did not consider."[47] To be a "'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative."[48]

Applying this framework here, the court declines to create an implied damages remedy for the loss of items subsequent to, or contemporary with, an arrest. This is in line with other Supreme Court decisions declining to create an implied damages remedy.[49] Plaintiff's *Bivens* claims thus fail.

---

[43] *Id.* at 135 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

[44] *Id.* (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

[45] *Id.* at 121.

[46] *Id.* at 139.

[47] *Id.* at 140.

[48] *Id.* at 136.

[49] "For example, the Court declined to create an implied damages remedy in the following cases: a First Amendment suit against a federal employer, *Bush v. Lucas*, 462 U.S. 367, 390, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); a race-discrimination suit against military officers, *Chappell v. Wallace*, 462 U.S. 296, 297, 304–305, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); a substantive due process suit against military officers, *United States v. Stanley*, 483 U.S. 669, 671–672, 683–684, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky*, 487 U.S. 412, 414, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer*, 510 U.S. 471, 473–474, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); an Eighth Amendment suit against a private prison operator, *Malesko*, supra, at 63, 122 S.Ct. 515; a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007); and an Eighth Amendment suit against prison guards at a private prison, *Minneci v. Pollard*, 565 U.S. 118, 120, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012)." *Id.* at 135.

### III.   Plaintiff's allegations regarding injuries fail to comply with Rule 8

Plaintiff alleges that he was injured during his arrest. Given the lack of details surrounding this injury and the arrest, the undersigned finds it fails to comply with the requirements of Fed. R. Civ. P. 8. The pleading standard of Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[50] Plaintiff has been given multiple opportunities to amend his complaint and has failed to provide sufficient factual allegations. Therefore, this claim should be dismissed.

Finally, a court may dismiss a pro se complaint with prejudice where any attempt to amend the complaint would be futile.[51] Here, Plaintiff has already been afforded an opportunity to amend his Complaint to comply with Rule 8 but failed to do so. In addition, any future *Bivens* claims or § 1983 claims for return of his property would be futile. Therefore, it is recommended that his Second Amended Complaint be dismissed with prejudice.

### RECOMMENDATION

For these reasons, the undersigned recommends this action be dismissed with prejudice.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[50] *Iqbal*, 556 U.S. at 678 (quotation omitted).

[51] *See Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

DATED this 6 March 2025.

_____
Dustin B. Pead
United States Magistrate Judge